CINCINNATI, H. & D. RY. v. ISABELLA WOULFE, ADMRX.

**Presumption That Switch was Thrown Pursuant to Dispatcher's Order Eliminates Relation of Fellow Servants Between Switch Tender and Deceased Engineer Killed in Collision.**

Upon trial of an action for wrongful death of a locomotive engineer, it will be presumed, in the absence of evidence to the contrary, that throwing a switch by reason of which trains came into collision, was in obedience to orders to the switch tender from someone superior in authority to the engineer, and the question whether the engineer and switch tender were fellow servants is immaterial.

[Syllabus approved by the court.]

ERROR to common pleas court.

*Waite & Schindel,* for plaintiff in error.
*Powell & Smiley,* for defendant in error.

Isabella Woulfe, administratrix, recovered a verdict of $8,000 for the death of her intestate, Thomas H. White, who was killed in a collision while engaged as an engineer on the defendant railway.

JONES, J.

We find no error in the proceedings below prejudicial to plaintiff in error.

The question as to whether decedent, White, and the switch-tender were fellow servants was properly left to the jury and the jury correctly decided they were not fellow servants. It is presumed in the absence of evidence to the contrary that the

Hamilton County Circuit.

switch was thrown in pursuance to orders from someone in authority and someone who was superior to the engineer and whose orders those in charge of the train were bound to obey.

In this view it is not material what the relation was between decedent and the switch-tender as the latter was the instrument only through which the orders of the dispatcher were carried into execution. To hold otherwise would mean that those in charge of the southbound train in this case, or any train, could not move the train unless orders to that effect were received by actual and direct communication with the dispatcher. This is the position the argument of plaintiff in error leads to and needs only to be stated to show its fallacy.

This point disposed of we feel that there is nothing more in the case. White was free from negligence and the company is liable in damages. Under proper instructions from the court the jury fixed the damage at an amount which to it seemed just and which we can not say is excessive.

Judgment affirmed.

**Smith** and **Swing, JJ.,** concur.

---

## NEGLIGENCE—RAILWAYS.

[Morrow (5th) Circuit Court, July 10, 1911.]

Voorhees, Shields and Crow, JJ.

(Judge Crow of the 3rd circuit sitting in place of Judge Powell.)